UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------
                                                :
DANIEL MCCARTHY, *et al.*                       :
                                                :        CASE NO. 1:09-CV-1298
            Plaintiffs,                          :
                                                :
vs.                                             :        OPINION & ORDER
                                                :        [Resolving Doc. Nos. 3, 9 & 10.]
CITY OF CLEVELAND                               :
                                                :
            Defendant.                           :
                                                :
---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant City of Cleveland moves the Court to dismiss the complaint filed by Plaintiffs Daniel McCarthy and Colleen Carroll (collectively, the "Plaintiffs"). [Doc. 1.] In their complaint, the Plaintiffs seek to represent a class of individuals who are the lessees (not the owners) of vehicles that were photographed by automatic enforcement cameras during the commission of traffic offenses; these individuals subsequently received and paid the fine citations issued by the City of Cleveland pursuant to Cleveland Codified Ordinance 413.031.

The Plaintiffs request that a declaratory judgment be granted in their favor and the return of the amounts paid to satisfy the fines and set out the following causes of action: (1) taking of property without just compensation in violation of Article I, § 19 of the Ohio Constitution; (2) taking of property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution; and (3) 42 U.S.C. § 1983 claim for taking of property without just compensation in violation of the Fifth and Fourteenth Amendments. [*Id.*]

-1-

Case No. 1:09-CV-1298
Gwin, J.

In moving to dismiss the Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6), the Defendant says that (1) the Plaintiffs' reliance on *Dickson & Campbell, LLC v. City of Cleveland*, 908 N.E.2d 964 (Ohio 2009), which resolved essentially the same issues implicated in this case, is inappropriate; (2) the Plaintiffs are collaterally estopped from bringing their complaint because they admitted to the violations by paying the fines and not properly appealing the citations; (3) the Plaintiffs cannot recover fines voluntarily paid, even where a statute is declared invalid or unconstitutional; (4) a municipality is not liable under the doctrine of unjust enrichment; (5) the Plaintiffs' § 1983 claim fails because they were accorded due process; and (6) the Plaintiffs' claims relating to takings without just compensation fail because there have been no takings – the imposed fines were paid voluntarily.  [Doc. 3.]

To resolve the Defendant's motion to dismiss, the Court must decide whether the Plaintiffs' complaint "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).  Because the Court determines that the Plaintiffs have failed to meet this standard, the Court **GRANTS** the Defendant's motion to dismiss.

## I. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's legal conclusions as true. *Iqbal*, 129 S. Ct. at 1949.  Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the

Case No. 1:09-CV-1298
Gwin, J.

doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1949 (citations removed).  Rule 8 does not require "detailed factual allegations, but it requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations and internal quotations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)).  The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.*  The Supreme Court has explained the line between possible and plausible: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citations and internal quotations omitted).

## II.  Background

Plaintiffs Daniel McCarthy and Colleen Carroll are two individuals who received notices from the City of Cleveland's Parking Violations Bureau stating that their vehicles[1] were photographed by automatic enforcement cameras during the commission of traffic offenses.  These notices were issued pursuant to Cleveland Codified Ordinance 413.031(a), which states in relevant part

> The City of Cleveland hereby adopts a civil enforcement system for red light and
> speeding offenders photographed by means of an "automated traffic enforcement
> camera system" as defined in division (m). This civil enforcement system imposes

---

[1] The Plaintiffs both lease their vehicles – Carroll's vehicle is owned by Honda Lease Trust and McCarthy's vehicle is owned by GMAC. [Doc. 1 at 2.]

Case No. 1:09-CV-1298
Gwin, J.

monetary liability on the owner[2] of a vehicle for failure of an operator to stop at a traffic signal displaying a steady red light indication or for the failure of an operator to comply with a speed limitation.

Plaintiff Carroll received a notice that her vehicle had been detected speeding by an automatic enforcement camera on March 23, 2007. [Doc. 1 at 2.] Carroll received another notice regarding a different incident of speeding on August 15, 2007. [*Id.*] Similarly, Plaintiff McCarthy received two notices from the City of Cleveland's Parking Violations Bureau – one on February 23, 2009 and one on March 3, 2009 – regarding two separate instances of speeding. [*Id.*]

The citations issued to the Plaintiffs required them to pay $100.00 per violation and contained the following language concerning the appeals procedure on the first page: "failure to pay the fine or otherwise answer within 20 days of the notice date in the manner and within the time required is an admission of liability. This will also result in additional penalties and the loss of your right to a hearing."[3] [Doc. 9-2.] The second page of the citations set out the instructions for answering the notice, stating "You must either admit or deny this infraction. If your admission or denial is not received within 21 calendar days of the notice date of the ticket, late penalties will be added and you will lose your rights to appeal." [*Id.*] The instructions regarding admission concerned only the methods of paying the fine. The instructions regarding denial, however, permitted an individual to check a box to indicate that she either (1) desired a hearing; (2) wanted to demonstrate that the

---

[2] With respect to this Ordinance, the term "vehicle owner" is defined as "the person or entity identified by the Ohio Bureau of Motor Vehicles, or registered with any other State vehicle registration office, as the registered owner of a vehicle." Cleveland Codified Ordinance 413.031(p)(3).

[3] This language resembles that contained in the Ordinance: "A notice of appeal shall be filed with the Hearing Officer within twenty-one (21) days from the date listed on the ticket. The failure to give notice of appeal or pay the civil penalty within this time period shall constitute a waiver of the right to contest the ticket and shall be considered an admission." Cleveland Codified Ordinance 413.031(k).

-4-

Case No. 1:09-CV-1298
Gwin, J.

vehicle had been stolen at the time of the infraction; or (3) wanted to demonstrate that the vehicle

was not in her custody, care, or control at the time of the infraction.  [*Id.*]

Both Plaintiff Carroll and Plaintiff McCarthy paid their respective fines and did not elect to

deny the infractions; they apparently believed that the cost of challenging the citations would exceed

the amount of the fines.  [Doc. 1 at 2.]

The Plaintiffs filed a class action against the Defendant in state court, seeking to represent

"[a]ll persons, who leased their vehicles or were not the owners of the pertinent vehicle, and were

improperly assessed and paid a fine under [Cleveland Codified Ordinance] 413.031 on or after

January 20, 2005 to the date that the revised [Cleveland Codified Ordinance] 413.031 was being

enforced by the Defendant."  [*Id.* at 4.] The action was removed to this Court on June 8, 2009.

The Plaintiffs contend that the citations were improperly issued to them because they are the

*lessees*, and not the owners of the vehicles captured by the automatic enforcement cameras (within

the meaning of Cleveland Codified Ordinance 413.031).  In their complaint, the Plaintiffs request

a declaratory judgment and the return of the amounts paid to satisfy the fines and set out the

following causes of action: (1) taking of property without just compensation in violation of Article

I, § 19 of the Ohio Constitution; (2) taking of property without just compensation in violation of the

Fifth and Fourteenth Amendments to the United States Constitution; and (3) 42 U.S.C. § 1983 claim

for taking of property without just compensation in violation of the Fifth and Fourteenth

Amendments to the United States Constitution.

On June 18, 2009, the Defendant moved to dismiss the Plaintiffs' complaint under Federal

Rule of Civil Procedure 12(b)(6). [Doc. 3.]  The Plaintiffs opposed this motion on July 24, 2009.

[Doc. 9.] The Defendant replied in support of its motion on August 5, 2009. [Doc. 10.]

Case No. 1:09-CV-1298
Gwin, J.

### III.  Analysis

The Plaintiffs' complaint does not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  As a result, the Court grants the Defendant's motion to dismiss.

In their complaint, the Plaintiffs advance three claims – under the Ohio and United States Constitutions and under 42 U.S.C. § 1983 – that center on the argument that the  payment of the fine citations issued by the Defendant's automatic enforcement cameras constitutes a taking of private property for public use without just compensation.

At its core, due process requires notice, a meaningful opportunity to be heard, and a fair and impartial process. *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) (citing *Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 542 (1985)). Courts in the Sixth Circuit have held that the collection of a fine (in the context of parking violations) does not amount to a taking under the Fifth and Fourteenth Amendments (or to a Fourth and Fourteenth Amendment due process violation) when the individual paying the fine is accorded due process and the payment of the fine is voluntary.  *See Oberhausen v. Lousville-Jefferson County Metro Gov't*, 527 F. Supp. 2d 713, 725 (W.D. Ky. 2007).

In this case, the Plaintiffs were unquestionably accorded due process.  Even before a citation is issued, it is first evaluated by the vendor and a police officer.  Cleveland Codified Ordinance 413.031(j).  The Ordinance, as well as the citation itself, clearly sets out the process for appealing the citation.   The Parking Violations Bureau's hearing examiner hears the appeal using an administrative process established by the Cleveland Municipal Court.  Cleveland Codified Ordinance 413.031(k).  The Ordinance also provides guidance to the hearing examiner as to the conditions that will excuse liability.  *Id.*  Furthermore, any finding of liability by the hearing examiner is appealable

-6-

Case No. 1:09-CV-1298
Gwin, J.

under Ohio Revised Code § 2506. 01.

Indeed, the plaintiff in *Dickson & Campbell, LLC* successfully utilized the appeals process described above in challenging citations issued to it through the automated traffic enforcement camera system on the basis that it, as a lessee of the vehicle, did not have to pay the citations. *Dickson & Campbell, LLC*, 908 N.E. 2d at 970.

The argument and factual situation in this case is identical in nearly all respects to that in *Dickson & Campbell, LLC*.  The only difference is that the Plaintiffs here decided to pay the fines instead of taking advantage of the clearly set-out appeal procedures for the issued citations.  Because they were afforded due process and voluntarily paid the fines instead of challenging them – a very easy undertaking – the Plaintiffs cannot claim that a taking of private property for public use without just compensation in violation of the Ohio and United States Constitutions has taken place.

### IV. Conclusion

For the reasons stated above, the Court **GRANTS** the Defendant's motion to dismiss.

IT IS SO ORDERED.


Dated: August 6, 2009                           s/        *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE